**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

HOLSEY ELLINGBURG, JR.                                                    PETITIONER
Reg. #09172-021

v.                                          2:20-cv-00046-LPR-JJV

DEWAYNE HENDRIX,
Warden, FCI – Forrest City Medium                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

<u>**DISPOSITION**</u>

## I.   PROCEDURAL HISTORY

In 1996, Petitioner Holsey Ellingburg, Jr., was convicted in the United States District Court for the Southern District of Georgia of one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).   *United States v. Ellingburg*, No. 4:96CR00063-WTM-CLR-1.   The United States Court of Appeals for the Eleventh Circuit affirmed.   *United States v. Ellingburg*, 142 F.3d 1282 (11th Cir. 1998) (Table).   Mr. Ellingburg filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the sentencing court.   *United States v. Ellingburg*, No. 4:96CR00063-WTM-CLR-1, Doc. No. 175.   The motion was denied, and the Eleventh Circuit denied a certificate of appealability.   *Id.*, Doc. Nos. 191, 195.

Mr. Ellingburg subsequently filed an application seeking leave from the Eleventh Circuit to file a second or successive § 2255 motion.   (Doc. No. 6-3.)   He asserted his § 924(c) conviction was unconstitutional because his armed bank robbery conviction did not constitute a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck down the residual clause of the Armed Career Criminal Act.   (*Id.* at 3.)   The Eleventh Circuit denied Mr. Ellingburg's application, holding he did not make a *prima facie* showing that he was sentenced in reliance on the now-voided clause of § 924(e).   (*Id.* at 6.)   Specifically, the court held that even

2

if *Johnson* applied to § 924(c)'s residual clause, armed bank robbery constituted a crime of violence under § 924(c)'s elements clause.[1]   (*Id.*)

Mr. Ellingburg then filed another application seeking leave to file a second or successive § 2255 motion.   (Doc. No. 6-4.)   This time he argued his § 924(c) conviction was unconstitutional because his armed bank robbery conviction did not constitute a crime of violence after *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the residual clause of 18 U.S.C. § 16(b) and which, according to Mr. Ellingburg, by extension also invalidated the residual clause of § 924(c). (*Id.*)   The Eleventh Circuit denied the application, holding § 924(c)'s residual clause remained constitutionally valid.   (Doc. No. 6-5 at 5.)   A concurring member of the panel noted Mr. Ellingburg's motion would be barred anyway because his armed bank robbery conviction qualified as a crime of violence under § 924(c)'s elements clause, which was unaffected by both *Johnson* and *Dimaya*.   (*Id*. at 8.)

Thereafter, Mr. Ellingburg filed two more applications seeking leave to file a second or successive § 2255 motion.   (Doc. Nos. 6-1, 6-2.)   In these, he relied on *United States v. Davis*, 139 S. Ct. 2319 (2019), which struck down § 924(c)'s residual clause as unconstitutionally vague. (*Id.*)   Mr. Ellingburg suggested *Davis* also invalidated the elements clause.   (*Id.*)   The Eleventh Circuit denied both applications, holding *Davis* left § 924(c)'s elements clause intact and Mr. Ellingburg's conviction for armed bank robbery qualified as a crime of violence under the elements clause, without resort to the unconstitutional residual clause.   (Doc. Nos. 6-1 at 3-4, 6-2 at 4.)

---

[1] Under the residual clause of § 924(c), a crime of violence is an offense that is a felony and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."   18 U.S.C. § 924(c)(3)(B).   Under the elements clause, a crime of violence is one that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   *Id*. at § 924(c)(3)(A).

Therefore, he could not make a *prima facie* showing that his conviction was unconstitutional after *Davis*. (Doc. Nos. 6-1 at 3, 6-2 at 3.)

Mr. Ellingburg, an inmate at the Forrest City Medium Federal Correctional Institution, now seeks to vacate, set aside, or correct his sentence through the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 2.) As in his last two applications before the Eleventh Circuit seeking leave to file a second or successive § 2255 motion, he again relies on *Davis*, asserting § 924(c)(3) is now void in its entirety. (*Id*. at 2.) After careful consideration of Mr. Ellingburg's Petition and the Response (Doc. No. 6), I recommend the Petition be dismissed for lack of jurisdiction.

## II.   ANALYSIS

An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Ellingburg's Petition, although filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows

that § 2255 would be inadequate or ineffective.  *Abdullah*, 392 F.3d at 959.   The requirement that

a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's

savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).   As a purely practical matter, it is the burden of the petitioner to demonstrate

that § 2255 relief in the sentencing court would be inadequate or ineffective.  *DeSimone*, 805 F.2d

at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)).   In

establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has

clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d

1075, 1077 (8th Cir. 2000)).

Mr. Ellingburg states § 2255 relief would be inadequate or ineffective; however, he fails

to provide an intelligible explanation.  (Doc. No. 2 at 2, 10-12.)   He seems to suggest the

Eleventh Circuit's analysis was faulty, but this argument is not well taken.   As that court pointed

out (Doc. No. 6-2 at 3-4), it had previously acknowledged that *Davis* announced a new substantive

rule of constitutional law that was made retroactive to cases on collateral review and was

previously unavailable, such that it could serve as the basis of an application for a second or

5

successive § 2255 motion.   *In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019).   However, Eleventh Circuit authority also required Mr. Ellingburg to show a "reasonable likelihood" that he would benefit from the new rule announced in *Davis*.   *In re Hires*, 825 F.3d 1297, 1299 (11th Cir. 2016). His applications were denied because he could not make this showing.   In short, *Davis* would provide no relief to Mr. Ellingburg, as he was not sentenced in reliance on the residual clause invalidated in that case.

Mr. Ellingburg cannot establish a § 2255 motion would be inadequate or ineffective to test the legality of his § 924(c) conviction.   For this reason, I recommend his § 2241 Petition be dismissed for lack of jurisdiction.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Ellingburg's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

DATED this 15th day of May 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE